R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Dana Hursey*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANA HURSEY,<br><br>Plaintiff,<br><br>v.<br><br>SEIDERHOUSE LLC,<br><br>Defendant. | **Case No.:** |

**COMPLAINT AND JURY DEMAND**

The plaintiff Dana Hursey ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint against defendant Seiderhouse LLC ("Defendant") alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

3. Plaintiff is an individual doing business as Dana Hursey Photography with an address at 2750 Highview Avenue, Altadena, California, 91001.

4. Upon information and belief, Defendant is organized under the laws of Delaware doing business at 201 Clinton Street, Apartment 4, Brooklyn, NY 11201.

**JURISDICTION AND VENUE**

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**A. Plaintiff's Business**

8. Plaintiff is a professional photographer based out of California and, through his business Dana Hursey Photography, he creates and licenses photographic images for various uses.

9. Plaintiff is renowned for his quirky, vivid and stunning audience-capturing photography.

10. Among the many exemplary photographs taken by the Plaintiff, Plaintiff is the original author of a photographic image at issue in this case (the "Copyrighted Work"), a copy

of which is attached hereto as Exhibit A.

11. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

12. On August 24, 2016, Plaintiff obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, a copy of which is attached hereto as Exhibit B.

13. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

**B. Defendant's Unlawful Activities**

14. Upon information and belief, Defendant owns and operates a number of websites where it publishes articles and high-quality photographic images to lure internet users and promote its goods and services.

15. Plaintiff has discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works and publicly displayed at Defendant's website (the "Infringing Website"), screenshots of which are attached hereto as Exhibit C.

16. Upon information and belief, the Infringing Website is operated by Defendant.

17. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work at the Infringing Websites.

18. Upon information and belief, Defendant's unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work at the Infringing Websites is willful as Defendant knew it did not have a license for such use but did so anyway, in reckless disregard of Plaintiff's exclusive rights.

**CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

19. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

20. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

21. Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

22. Upon information and belief, as a result of Plaintiff's reproduction, distribution, and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to Defendant's use of the Copyrighted Work at the Infringing Websites.

23. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, creating derivative works from and publicly displaying the Copyrighted Work.

24. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

25. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

26. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

27. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

28. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

29. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is enreferenced as to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of each of the Copyrighted Work;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

8. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 11, 2020

Respectfully submitted,

By: */s/ R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Dana Hursey*